**NOT FOR PUBLICATION**

OCT 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARTIN GARCIA-OLIVARRIA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72631 <br><br> Agency No. A044-542-105 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued December 9, 2010
Submitted October 21, 2011
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Jose Martin Garcia-Olivarria (Garcia), a native and citizen of Mexico,

petitions for review of the decision by the Board of Immigration Appeals (BIA),

dismissing his appeal of an immigration judge's (IJ's) decision denying his request

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

for a waiver of inadmissibility under former Immigration and Nationality Act (INA) § 212(c), 8 U.S.C. § 1182(c) (1994). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The BIA denied Garcia's application for a § 212(c) waiver, because he was convicted after a jury trial for the sale/transportation of cocaine base. The BIA did not err in finding Garcia statutorily ineligible for relief. Garcia did not demonstrate objective reliance on the now-repealed § 212(c), when he rejected a plea agreement and elected to have a jury trial. *See INS v. St. Cyr*, 533 U.S. 289, 325-26 (2001); *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116, 1121-22 (9th Cir. 2002) ("Unlike aliens who pleaded guilty, aliens who elected a jury trial cannot plausibly claim that they would have acted any differently if they had known about [the enactment of Antiterrorism and Effective Death Penalty Act (AEDPA)] § 440(d)."). Garcia was charged with seven separate violations of California law (five of which were felonies) and an enhancement under California Penal Code § 12022(c). If convicted, he could have received more than five years imprisonment. At the time of Garcia's criminal proceedings, the relevant law required that Garcia serve no more than a five-year term of imprisonment for an aggravated felony in order to be eligible for § 212(c) relief. 8 U.S.C. § 1182(c) (1994). Thus, Garcia's statutory right to apply for § 212(c) was unknown when he proceeded to trial. Garcia states that he went to trial, in lieu of

2

pleading guilty, because (1) he thought he may be acquitted and (2) he hoped for a sentence less than five years. This statement does not suggest that Garcia "would have acted differently if [he] had known about the elimination of the relief." *See Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 941 (9th Cir. 2007) (internal quotation marks, alterations, and citation omitted). Thus, Garcia cannot plausibly claim that he relied on the availability of § 212(c) relief.

Garcia argues that international law prohibits family separation without due process, therefore his deportation would violate international law. However, that argument lacks merit. Congress clearly intended to preclude aggravated felons from receiving relief under § 212(c) when it enacted the AEDPA. *See Monoz v. Ashcroft*, 339 F.3d 950, 958 (9th Cir. 2003) ("In enacting statutes, Congress is not bound by international law; if it chooses to do so, it may legislate contrary to the limits posed by international law, so long as the legislation is constitutional." (internal quotation marks and citation omitted)). In light of Congress's adoption of AEDPA and its clear mandate, Garcia has not pointed to "any binding obligation under international law that has been violated." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 979-80 (9th Cir. 2006).

Garcia also argues that international law entitles him to an individualized analysis concerning his eligibility for § 212(c) relief. This argument also lacks merit.

3

Garcia was provided the necessary safeguards and hearings as required by the law enacted by Congress.

**PETITION DENIED.**